UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Pablo & Margarita Galarza<br><br>Debtor(s)<br><br>Pablo & Margarita Galarza<br><br>Plaintiff(s)<br><br>Bank of America Home Loans, a/k/a BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS<br><br>Defendant(s) | ) BK No.: 11-17165<br>)<br>) Chapter: 13<br>)<br>) Honorable Jack B. Schmetterer<br>)<br>)<br>) Adv. No.: 11-01211<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FINDINGS OF FACT AND CONCLUSION OF LAW

Following entry of default and taking all allegations of the Complaint to Determine the Nature and Extent of Lien and Avoid Junior Mortgage confessed against Bank of America Home Loans, f/k/a/ BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., ("Defendant"), the following Findings of Fact and Conclusions of Law are made and will be entered.

FINDINGS OF FACT

1. The Plaintiffs, Pablo and Margarita Galarza ("Plaintiffs"), are individuals residing at 8715 S Mobile Ave, Oak Lawn, IL 60453.
2. The Defendant is a mortgage lender.
3. The Plaintiffs filed for relief under Chapter 7 of the United States Bankruptcy Code on April 22, 2011, and assigned to case number 11 B 17165.
4. Plaintiffs are the owners of real estate (hereafter referred to as the ("Property") for the real estate commonly known as 8715 S. Mobile Ave, Oak Lawn, IL 60453, and legally described as follows:
LOT 1 IN BEN F. BOHAC'S HIGHLANDS BEING A SUBDIVISION OF PART OF THE WEST HALF OF THE EAST HALF OF THE NORTH WEST QUARTER OF THE NORTH WEST QUARTER OF SECTION 5, TOWNSHIP 37 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS
PIN: 24-05-109-001-0000
5. The fair market value of the property at the time Bankruptcy Case 11 B 17165 was converted to Chapter 13 was $200,000.00.
6. The Defendant, Bank of America Home Loans, f/k/a/ BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., holds a first mortgage against the Property in the amount of $258,812.00.
7. The Defendant, Bank of America Home Loans, f/k/a/ BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., holds a junior mortgage against the Property in the amount of $20,938.00.
8. The Plaintiffs seek through their Chapter13 Plan to determine the nature and extent of the junior

Rev: 20110318_apo

Case 11-01211  Doc 27  Filed 01/23/12  Entered 01/24/12 09:43:17  Desc Main Document  Page 2 of 3

11-01211:21.5:Motion for Default Judgment:Proposed Order Findings of Fact and Conclusion of Law Entered: 1/3/2012 4:40:47 PM by:Thomas Lynch  Page 2 of 3

mortgage of, Bank of America Home Loans, f/k/a/ BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., and to void its junior mortgage lien.

9. The estate's secured interest in the Property is valued at $200,000.00, and is more than fully encumbered by the Defendant's first mortgage of $258,812.00.

10. The estate has no equity in the Property to secure the Defendant's junior mortgage of $20,938.00.

CONCLUSIONS OF LAW

1. This Adversary Proceeding is brought pursuant to the Federal Rules of Bankruptcy Procedure 7001 and 11 U.S.C. §§506 and 1327.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§1334 and 157, and this action relates to the Bankruptcy Case 10 B 29456.

3. Venue is proper pursuant to 28 U.S.C. §1409. This is a core proceeding as defined by 28 U.S.C. §157.

4. Pursuant to 11 U.S.C. §506, the junior mortgage of Bank of America Home Loans, f/k/a/ BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., is an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim, but it is void to the extent it is not a secured claim.

5. In chapter 13, the debtor's plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims . . ." § 1322(b)(2) (emphasis added).

6. The Supreme Court interpreted § 1322(b)(2) to prohibit a homestead mortgage lien from being stripped down to the value of the collateral, reading the language "a claim secured only by a security interest in real property" as "referring to the lienholder's entire claim, including both the secured and the unsecured components of the claim." Nobelman v. American Savings Bank, 508 U.S. 324, 331 (1993).

7. Although the Seventh Circuit has not considered the issue, most courts, including the Second, Third, Fifth, Sixth, Ninth, and Eleventh Circuit Courts of Appeals, have permitted the strip off of wholly unsecured junior liens on a Chapter 13 debtor's principal residence. Melgoza v. Washingon Federal Savings Bank, 10-B-53264. (N.D. Bank. Ill. 2010, Judge Schmetterer). In fact, the "antimodification exception of Section 1322(b)(2) protects a creditor's rights in a mortgage lien only where the residence retains enough value . . . so that the lien is at least partially secured under Section 506(a). . . . [A] wholly unsecured claim, as defined under Section 506(a), is not protected under the antimodification exception of Section 1322(b)(2)." In re Pond, 252 F.3d 122, 126 (2d Cir. 2001); In re Tanner, 217 F.3d 1357 (11th Cir. 2000); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re McDonald, 205 F.3d 606 (3d Cir. 2000); In re Griffey, 335 B.R. 166 (B. A.P. 10th Cir. 2005); In re King, 290 B.R. 641 (Bankr. C.D. Ill. 2003).

8. Fed. R. Bankr. P. 7001(2) defines a proceeding "to determine the validity, priority, or extent of a lien or other interest in property" as an adversary proceeding. When a movant then seeks to determine a lien, such as the Bank's junior mortgage in this case, to be invalid, the "validity" and "extent" of such a lien necessitates an adversary proceeding to have it ultimately adjudicated as not protected and invalid. In re Milliletti Forrest- 09 B 20874 (N.D. Bankr. Ill. 2009)

9. As established above, because the junior mortgage held by Bank of America Home Loans, f/k/a/ BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., is wholly unsecured, it should not be allowed as a secured claim and it may be stripped off.

10. Upon confirmation and completion of the Debtors' Chapter 13 Plan, and entry of discharge in Bankruptcy Case 11 B 17165, the junior mortgage by Bank of America Home Loans, f/k/a/ BAC Home

Case 11-01211  Doc 27  Filed 01/23/12  Entered 01/24/12 09:43:17  Desc Main Document  Page 2 of 3

11-01211:21.5:Motion for Default Judgment:Proposed Order Findings of Fact and Conclusion of Law Entered: 1/3/2012 4:40:47 PM by:Thomas Lynch  Page 2 of 3

mortgage of, Bank of America Home Loans, f/k/a/ BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., and to void its junior mortgage lien.

9. The estate's secured interest in the Property is valued at $200,000.00, and is more than fully encumbered by the Defendant's first mortgage of $258,812.00.

10. The estate has no equity in the Property to secure the Defendant's junior mortgage of $20,938.00.

CONCLUSIONS OF LAW

1. This Adversary Proceeding is brought pursuant to the Federal Rules of Bankruptcy Procedure 7001 and 11 U.S.C. §§506 and 1327.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§1334 and 157, and this action relates to the Bankruptcy Case 10 B 29456.

3. Venue is proper pursuant to 28 U.S.C. §1409. This is a core proceeding as defined by 28 U.S.C. §157.

4. Pursuant to 11 U.S.C. §506, the junior mortgage of Bank of America Home Loans, f/k/a/ BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., is an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim, but it is void to the extent it is not a secured claim.

5. In chapter 13, the debtor's plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims . . ." § 1322(b)(2) (emphasis added).

6. The Supreme Court interpreted § 1322(b)(2) to prohibit a homestead mortgage lien from being stripped down to the value of the collateral, reading the language "a claim secured only by a security interest in real property" as "referring to the lienholder's entire claim, including both the secured and the unsecured components of the claim." Nobelman v. American Savings Bank, 508 U.S. 324, 331 (1993).

7. Although the Seventh Circuit has not considered the issue, most courts, including the Second, Third, Fifth, Sixth, Ninth, and Eleventh Circuit Courts of Appeals, have permitted the strip off of wholly unsecured junior liens on a Chapter 13 debtor's principal residence. Melgoza v. Washingon Federal Savings Bank, 10-B-53264. (N.D. Bank. Ill. 2010, Judge Schmetterer). In fact, the "antimodification exception of Section 1322(b)(2) protects a creditor's rights in a mortgage lien only where the residence retains enough value . . . so that the lien is at least partially secured under Section 506(a). . . . [A] wholly unsecured claim, as defined under Section 506(a), is not protected under the antimodification exception of Section 1322(b)(2)." In re Pond, 252 F.3d 122, 126 (2d Cir. 2001); In re Tanner, 217 F.3d 1357 (11th Cir. 2000); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re McDonald, 205 F.3d 606 (3d Cir. 2000); In re Griffey, 335 B.R. 166 (B. A.P. 10th Cir. 2005); In re King, 290 B.R. 641 (Bankr. C.D. Ill. 2003).

8. Fed. R. Bankr. P. 7001(2) defines a proceeding "to determine the validity, priority, or extent of a lien or other interest in property" as an adversary proceeding. When a movant then seeks to determine a lien, such as the Bank's junior mortgage in this case, to be invalid, the "validity" and "extent" of such a lien necessitates an adversary proceeding to have it ultimately adjudicated as not protected and invalid. In re Milliletti Forrest- 09 B 20874 (N.D. Bankr. Ill. 2009)

9. As established above, because the junior mortgage held by Bank of America Home Loans, f/k/a/ BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., is wholly unsecured, it should not be allowed as a secured claim and it may be stripped off.

10. Upon confirmation and completion of the Debtors' Chapter 13 Plan, and entry of discharge in Bankruptcy Case 11 B 17165, the junior mortgage by Bank of America Home Loans, f/k/a/ BAC Home

Rev: 20110318_apo

Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., be null as being wholly unsecured.

11. Bank of America Home Loans, f/k/a/ BAC Home Loans, f/k/a Countrywide Home Loans, Inc., f/k/a MERS, Inc., will file a release of the junior mortgage within 21 days after entry of discharge in Bankruptcy Case 11 B 17165. Jurisdiction is reserved to enter supplemental orders quieting title to real estate as to the Junior Lien.

Enter:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

JAN 23 2012

Dated: 1/23/12

Prepared by:

Thomas W. Lynch
The Law Offices of Thomas W. Lynch, P.C.
Attorney No. 6194247
9231 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 598-5999
(708) 598-6299 Fax

Rev: 20110318_apo